# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Honorable Joseph A. Dickson |
| v. | Mag. No. 20-8102 |
| YEZENIA CASTILLO<br>a/k/a "Yezenia Maldanado" | **CRIMINAL COMPLAINT** |

I, Jeffrey Clark, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached page and made a part hereof:

_____
Special Agent Jeffrey Clark
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,
March 2, 2020
in Newark, New Jersey

_____
HONORABLE JOSEPH A. DICKSON
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### COUNTS ONE THROUGH FOUR
### (Wire Fraud)

From in or about May 2015 through in or about August 2016, in Bergen County, in the District of New Jersey and elsewhere, the defendant,

### YEZENIA CASTILLO
### a/k/a "Yezenia Maldanado"

knowingly and intentionally devised and intended to devise a scheme and artifice to defraud the Victim Company, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count:

| **Count** | **Approximate Date** | **Description** |
| --- | --- | --- |
| 1 | August 1, 2016 | CASTILLO deposited a fraudulent check for approximately $5,723.90 from the Victim Company into an account controlled by CASTILLO at a branch location in Hoboken, NJ, resulting in an interstate wire transmission. |
| 2 | August 1, 2016 | CASTILLO deposited a fraudulent check for approximately $10,975.72 from the Victim Company into an account controlled by CASTILLO at a branch location in Hoboken, NJ, resulting in an interstate wire transmission. |

| Count | Approximate Date | Description |
|---|---|---|
| 3 | August 2, 2016 | CASTILLO deposited a fraudulent check for approximately $6,505.36 from the Victim Company into an account controlled by CASTILLO at a branch location in Hoboken, NJ, resulting in an interstate wire transmission. |
| 4 | August 4, 2016 | CASTILLO deposited a fraudulent check for approximately $10,205.35 from the Victim Company into an account controlled by CASTILLO at a branch location in Hoboken, NJ, resulting in an interstate wire transmission. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## ATTACHMENT B

I, Jeffrey Clark, am a Special Agent with the Federal Bureau of Investigation. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports and other documentary evidence. Where statements of others are related herein, they are related in substance and part. All dates and dollar amounts described in this affidavit are approximate. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation.

## BACKGROUND

1. At all times relevant in this complaint:

   a. The Victim Company was a non-profit organization based in Englewood, New Jersey dedicated to providing affordable housing to Englewood residents.

   b. Defendant YEZENIA CASTILLO ("CASTILLO") was a resident of Hoboken, New Jersey and was hired by Victim Company to do accounting work.

2. As set forth in more detail below, there is probable cause to believe that defendant CASTILLO engaged in a fraudulent scheme to steal hundreds of thousands of dollars from the Victim Company by creating unauthorized checks from the Victim Company that CASTILLO deposited into bank accounts she controlled.

## THE SCHEME TO DEFRAUD

3. Beginning in 2013, CASTILLO's duties included preparing monthly operating reports for the Victim Company. In 2015, CASTILLO was given additional responsibilities, including accounting for and paying certain taxes on behalf of the Victim Company.

4. From in or around May 2015 to in or around August 2016, CASTILLO used her position as the accountant for the Victim Company to issue unauthorized checks made payable to CASTILLO or entities she controlled.

5. As part of her scheme to defraud, CASTILLO forged the signature of the President of the Victim Company's Board of Directors on fraudulent checks made out to her or companies she controlled, including but not limited to the checks described in Counts One through Four above.

6. In addition to forging the checks, CASTILLO represented to the Victim Company that the payments were for legitimate business expenses, including tax payments to be made on behalf of the Victim Company.

7. A review of bank records during this period did not identify tax payments made by CASTILLO to the Internal Revenue Service or the State of New Jersey on behalf of the Victim Company.

8. In total, CASTILLO's conduct described herein resulted in hundreds of thousands of dollars in losses to the Victim Company.